L. C. CARROLL v. MARTHA JAMES ET AL.

(Filed 5 March, 1913.)

1. Appeal and Error—Costs.

A party to an action who has been successful on a former appeal to the Supreme Court is entitled to recover of the adverse party his costs thereon, whatever the final outcome of the litigation may be.

2. Mortgagor and Mortgagee — Sale — Expenses—Credits—Value of Property—Mortgagee's Liability.

A mortgagee seizing the mortgaged property under claim and delivery is held accountable for its reasonable value, and not merely for the price it may have brought at a sale; and in this case, the property seized being leaf tobacco, it is *Held*, that the plaintiff should be credited with the reasonable cost of grading and marketing the tobacco, and with certain rent which he has paid for the defendant.

3. Pleadings—Debtor and Creditor—Denial of Cause of Action.

Where in an action upon a mortgage note the answer denies the debt, it is, in effect, a denial of plaintiff's cause of action.

4. Actions—Costs—Mortgagor and Mortgagee—Possession—Sales.

The plaintiff mortgagee seized the defendant's leaf tobacco conveyed by the mortgage, under claim and delivery, and sold the same. The defendant alleged that the tobacco should have brought a sufficient price to have paid off the mortgage. Upon the question of taxing the cost, it is necessary to ascertain whether the plaintiff took possession before or after the commencement of the action; for if before, and anything was found to be due the plaintiff, the answer, in effect, denied the plaintiff's cause of action, and the costs should be taxed against the defendant; if afterwards, and the plaintiff does not recover the amount claimed, the cost should be taxed against him.

CARROLL *v.* JAMES.

**5. Costs—Judgments—Credits.**

> The court costs recovered in an action should not be applied in reducing the amount of the judgment obtained, for while the costs are taxed in the name of a successful litigant, they are to be paid to the officers of the court, witnesses, and for other expenses incident to the litigation, and should not be credited to the defendant, unless he has paid them.

APPEAL by plaintiff from *Foushee, J.,* at March Term, 1912, of CARTERET.

This action was commenced on 5 November, 1908, to recover certain personal property, of which the plaintiff claims to be the owner under a chattel mortgage.

On the same day property was seized under proceedings in claim and delivery issued in the action, which was thereafter delivered to the plaintiff, upon the defendants failing to give the undertaking required by the statute.

The property was sold by the plaintiff under said mortgage, and a part of it was bought by the plaintiff.

The plaintiff filed his complaint at March Term of court, 1909, in which he alleged that he was the owner of the property; that it was seized under claim and delivery on 5 November, 1908, and had been sold under the mortgage; and that after applying the proceeds of sale, less reasonable expenses, there was a balance due on the mortgage debt of $42.

The defendants filed their answer in June, 1909, in which they denied that there was anything due on said debt on 5 November, 1908, and also denied that the plaintiff was the owner of the property.

They also allege, as a first defense and counterclaim, that the sale under the mortgage was invalid by reason of defect in the advertisement; that the property was bought at the sale by the plaintiff at a low valuation, and was reasonably worth at that time $400.

They also allege, as a second defense and counterclaim, that the debt secured in the chattel mortgage was originally $232.50; that $6 had been paid thereon; that in the year 1908 the plaintiff took from the possession of defendants and disposed of tobacco of the value of $500, out of the proceeds of which was paid $112 to one Newberry to the use of the defendants, leav-

ing $388 due the defendants from the sale of tobacco, and that corn of the value of $225 was seized in the claim and delivery proceedings which was not embraced in said mortgage.

The plaintiff filed his reply, in which he denied the material allegations in the counterclaim, except he admitted that the original debt was $232.50, subject to the credit of $6, and alleged that out of the proceeds of tobacco, which he contended came rightfully into his possession, he paid W. L. Oglesby $15.50 rent.

There was a trial of the action in 1910, which resulted in favor of the defendants, and upon appeal, a new trial was ordered, and judgment was entered against the defendant for the costs of the appeal—$51.80.

The case again came on for trial at March Term, 1912, when the following verdict was found by the jury:

1. Is the plaintiff the owner of the property described in the complaint? Answer: Yes; to secure the debt.

2. What was the unpaid balance of the note secured by the mortgage given by Cæsar James to plaintiff at the time this suit was brought? Answer: $232.50, with interest thereon from 2 March, 1908, subject to a credit of $6 on the interest.

3. What was the value of the black mare mule, the mouse-colored blind horse mule, the top buggy and harness, and the corn seized under claim and delivery in this action, at the end of the seizure? Answer: $27.50.

4. What reasonable expenses were incurred by the plaintiff in paying the lien off the buggy and in keeping and selling the said property seized? Answer: $27.25.

5. Was the tobacco, after being seized by Meadows, turned over, by agreement with the defendant Isaac James, to plaintiff and Newberry, to be graded and sold at Kinston, with the agreement that the expenses of grading and marketing should first be taken out and the balance paid over to Newberry on the Meadows mortgage till it was paid? Answer: Yes.

6. What amount did plaintiff by agreement pay over from the proceeds of the tobacco to Newberry on the Meadows mortgage? Answer: $112.90.

7. What was the net amount received by the plaintiffs for the tobacco after paying the expenses of grading and marketing and paying the warehouse charges *and rent?* Answer: $128.80.

8. What was the value of the tobacco turned over to the plaintiff at the time it was turned over to the plaintiff? Answer: $240.

9. What was the reasonable cost of grading and marketing (including warehouse charges) the tobacco taken into his possession by plaintiff? Answer: $40.

Judgment was entered on the verdict, charging the plaintiff with the amounts found in answer to the third and eighth issues and crediting him with the amounts in answer to the second, fourth, and ninth issues.

His Honor refused to credit the plaintiff with the Supreme Court costs ($51.80) incurred on the former appeal, and adjudged that the plaintiff pay all cost of the Superior Court except the cost accrued up to the return term, and $1 for the final judgment.

The plaintiff tendered judgment according to his contentions, one of them being that he ought to be charged with $128.90, instead of $240, and excepted to the judgment rendered, and appealed.

*A. D. Ward for plaintiff.*
*Abernethy & Davis for defendant.*

PER CURIAM. It is admitted that the amounts found in answer to the second, fourth, and sixth issues are proper charges against the defendant, and that the plaintiff must account for the value of the property as found by the answer to the third issue.

The ruling of his Honor that the plaintiff is liable for $240, the value of the tobacco, instead of for $128.90, the net proceeds of its sale, is correct, because the plaintiff was at the time a mortgagee, and is, as such, accountable for its reasonable value.

The plaintiff is entitled to be credited with the reasonable cost of grading and marketing the tobacco, as found by the

162—33

ninth issue, and the defendant ought not to complain of this, as the jury say, in response to the fifth issue, they agreed to it, and in addition to the rent, paid out of the proceeds of the sale of tobacco, which is included in the seventh issue, and not in the ninth, and which the plaintiff alleges in his reply to be $15.50.

The plaintiff must also be credited with the amount of the Supreme Court cost ($51.80). *Smith v. French,* 141 N. C., 2; *Smith v. R. R.,* 148 N. C., 335.

No satisfactory adjudication can be made as to the cost of the Superior Court upon the record before us, as it does not appear whether the tobacco came to the possession of the plaintiff before or after the commencement of the action.

The execution of the note secured by the chattel mortgage and its amount are admitted, and the whole controversy in the Superior Court was as to the value of the property seized under the claim and delivery proceeding, and as to the value of the tobacco and the expenses incurred, and this controversy continued up to and including the last trial.

The defendants allege that the tobacco was worth $500, and that the plaintiff had paid $112 to their use out of the proceeds, leaving a balance of $388 due by the plaintiff to the defendant on this item.

If this allegation is true, and the tobacco came to the possession of the plaintiff prior to the commencement of the action, there was nothing due on the mortgage debt of $232.50 when the action was commenced, and as the plaintiff had to show some amount to be due, the allegation was in substance the denial of the right to maintain the action, which continued in issue up to the trial, and the verdict of the jury establishes the fact that this allegation is not true, and that some amount was due at the commencement of the action on the mortgage debt, to wit, $232, with interest from 2 March, 1908, subject to a credit of $6, less $200, the remainder of proceeds of sale of tobacco after deducting the reasonable cost of grading and marketing.

In this view of the case, the plaintiff would be entitled to a judgment against the defendants for the costs of the Superior

Court, because the right to maintain the action has been denied and the costs have been incurred in successfully maintaining it.

On the other hand, if the tobacco was delivered to the plaintiff after the commencement of the action, there was no denial of the right of the plaintiff, and defendants having successfully maintained their contention as to the matters in controversy, and a balance being due them, they should recover their costs.

We are not inadvertent to the first paragraph of the defendants' answer, but construe that in connection with the other allegations.

In the event judgment should be entered in favor of the plaintiff for the cost of the Superior Court, he would not be entitled to have the amount thereof applied in reduction of the judgment in favor of the defendants, because he has not paid these costs, and while the recovery is in his name, the items entering into the judgment for costs will belong to officers and witnesses.

It is, therefore, ordered that the judgment of the Superior Court be modified by crediting the same with $51.80, the costs paid in the Supreme Court, without interest, and with $15.50 rent, if the defendants agree to that amount, and if they do not so agree, then with such amount for rent as a jury shall determine was paid by the plaintiff out of the proceeds of the sale of the tobacco.

It is further ordered that the time when the said tobacco was delivered to the plaintiff be ascertained by agreement of the parties or by the verdict of the jury, and that judgment for the costs of the Superior Court be entered in accordance with the facts and this opinion.

Let the costs of this appeal be divided.

Modified and affirmed.